IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:03CR343 |
| vs. | |
| MIKE ADAMOWICZ, | ORDER |
| Defendant. | |

This matter comes before the court on the defendant's Motion for Certificate of Relief from Civil Disabilities, Filing No. 83, and the government's Response, Filing No. 84. Defendant moves for relief from his civil disabilities, based on his rehabilitation. The government objects to this motion, contending that this court does not have jurisdiction. The court agrees with the government, and the defendant now concedes this point. *McKinney's Correction Law*, § 701(1), states, "A certificate of relief from disabilities may be granted as provided in this article to relieve an eligible offender of any forfeiture or disability, or to remove any bar to his employment, automatically imposed by law by reason of his conviction of the crime or of the offense specified therein.  Such certificate may be limited to one or more enumerated forfeitures, disabilities or bars, or may be relieve the eligible offender of all forfeitures, disabilities and bars.  Provided, however, that no such certificate shall apply, or be construed so as to apply, to the right of such person to retain or to be eligible for public office."  Section 702(1) states, "Any court of this state may, in its discretion, issue a certificate of relief from disabilities to an eligible offender for a conviction that occurred in such court, [under certain conditions]."  In addition, Section 703(1) states the New York Department of Corrections and Community

2

Supervision also has the power to issue such a certificate to certain offenders under certain conditions. Even though this is a federal court conviction, the State of New York has jurisdiction over this motion. See *Application of Helmsley*, 152 Misc.2d 215 (N.Y. Sup.Ct. 1991); *United States v. Da Grossa*, 446 F.2d 902 (2d Cir. 1971). Accordingly, the court will deny the defendant's motion for relief from civil disabilities.

However, for the record, the court finds that Mr. Adamowicz has served his sentence and completed his term of supervised release without violation. The court also finds that Mr. Adamowicz is doing very well in his life and employment as an alcohol and drug abuse counselor and it appears unlikely that Mr. Adamowicz will engage in further criminal activity, but rather will continue to be a productive member of society. Relief from any disabilities of the conviction in the above matter would be consistent with Mr. Adamowicz's rehabilitation and the public interest.

THEREFORE, IT IS ORDERED that, the court having no jurisdiction to grant the relief requested, the defendant's motion for relief from civil disabilities, Filing No. 83, is denied.

DATED this 12th day of May, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge